UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| ROBERT JAMES SWINT,<br><br>Plaintiff,<br><br>v.<br><br>DISH NETWORK, VERIZON WIRELESS, BANK OF AMERICA, ECHO STAR, and BEAR MAN PIG CLUB,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER TO FILE AMENDED COMPLAINT<br><br><br>Case No. 2:23-cv-000282<br><br>Magistrate Judge Daphne A. Oberg |

Pro se plaintiff Robert James Swint, proceeding *in forma pauperis*, filed this action against Dish Network, Verizon Wireless, Bank of America, Echo Star, and Bear Man Pig Club.[1] Because Mr. Swint's complaint generally lacks factual development, and where most criminal statutes cannot be enforced privately, Mr. Swint has failed to state a cognizable claim. Accordingly, the court orders Mr. Swint to file an amended complaint by **June 8, 2023**.

## LEGAL STANDARDS

Whenever a court authorizes a party to proceed *in forma pauperis*, the court must review the case under 28 U.S.C. § 1915(e)(2). Under this statute, the court must dismiss the case if it determines the complaint "fails to state a claim on which relief may be granted."[2] In making this determination, the court employs the standard for analyzing a motion to dismiss for failure to

---

[1] (*See* Compl., Doc. No. 5.)

[2] 28 U.S.C. § 1915(e)(2)(B)(ii).

1

state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure.[3] To avoid dismissal under Rule 12(b)(6), a complaint must allege "enough facts to state a claim to relief that is plausible on its face."[4] The court accepts well-pleaded factual allegations as true, viewing them in the light most favorable to the plaintiff and drawing all reasonable inferences in the plaintiff's favor.[5] But the court need not accept a plaintiff's conclusory allegations as true.[6] "[A] plaintiff must offer specific factual allegations to support each claim."[7]

Because Mr. Swint proceeds pro se, his filings are liberally construed and held "to a less stringent standard than formal pleadings drafted by lawyers."[8] Still, pro se plaintiffs must "follow the same rules of procedure that govern other litigants."[9] For instance, a pro se plaintiff "still has the burden of alleging sufficient facts on which a recognized legal claim could be based."[10] While the court must make some allowances for a pro se plaintiff's "failure to cite proper legal authority, [her] confusion of various legal theories, [her] poor syntax and sentence construction, or [her] unfamiliarity with pleading requirements,"[11] the court "will not supply

---

[3] *Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007).

[4] *Hogan v. Winder*, 762 F.3d 1096, 1104 (10th Cir. 2014) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007)).

[5] *Wilson v. Montano*, 715 F.3d 847, 852 (10th Cir. 2013).

[6] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[7] *Kan. Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011).

[8] *Hall*, 935 F.2d at 1110.

[9] *Garrett v. Selby, Connor, Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

[10] *Jenkins v. Currier*, 514 F.3d 1030, 1032 (10th Cir. 2008) (internal quotation marks omitted).

[11] *Hall*, 935 F.2d at 1110.

additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf."[12]

## ANALYSIS

Given the general lack of factual development in Mr. Swint's complaint and considering he lacks standing to bring criminal charges, Mr. Swint has failed to state a cognizable claim.

To state a cognizable claim, "a plaintiff must offer specific factual allegations to support each claim" identified.[13] Where Mr. Swint's complaint lacks any sort of factual development, it does not satisfy this standard. The complaint is less than two pages long and includes a single handwritten paragraph stating that Mr. Swint is seeking monetary relief for "costs plus pain and suffering and mental distress."[14] However, Mr. Swint does not explain what his claims are or the factual basis for them. Indeed, he states there is "no time to explain."[15] These statements fail to state a cognizable claim for relief.

Additionally, Mr. Swint references Title 18, Chapter 47, of the United States Code.[16] This bare reference fails to state a claim for two reasons. First, although Chapter 47 relates generally to fraud and false statements, Mr. Swint fails to identify which provision(s) of Chapter 47 he brings his claim(s) under. This, coupled with the lack of factual development in the complaint, impedes any ability to determine what claim(s) Mr. Swint is asserting and to evaluate

---

[12] *Smith v. United States*, 561 F.3d 1090, 1096 (10th Cir. 2009) (internal quotation marks omitted).

[13] *Kan. Penn Gaming, LLC*, 656 F.3d at 1214.

[14] (*See* Compl., Doc. No. 5 at 1–2.)

[15] (*Id.* at 1.)

[16] (*Id.*)

the sufficiency of those claim(s).  Second, Title 18 of the United States Code governs crimes and criminal procedure.[17]  Most criminal statutes "cannot be enforced in a private civil action,"[18] meaning that, without more, Mr. Swint lacks standing "to assert that a party has violated criminal laws, or to seek criminal prosecution."[19]  And Mr. Swint cannot recover civil damages for the defendants' alleged violation of a criminal statute.[20]

Because Mr. Swint's complaint fails to state a claim for relief, it is subject to dismissal under 28 U.S.C. § 1915(e)(2).  Nevertheless, "[d]ismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend."[21]  Accordingly, the court gives Mr. Swint an opportunity to amend his complaint.

## CONCLUSION

Considering the general lack of factual development of Mr. Swint's complaint, and where most criminal statutes cannot be enforced privately, Mr. Swint has failed to state a cognizable claim.  Accordingly, the court ORDERS as follows:

---

[17] *See* 18 U.S.C. §§ 1 *et seq*.

[18] *Gallacher v. Kisner*, No. 2:08-cv-845, 2009 U.S. Dist. LEXIS 68000, at *13 (D. Utah June 25, 2009) (unpublished).

[19] *Rojas v. Meinster*, No. 19-cv-01896, 2019 U.S. Dist. LEXIS 229829, at *4 (D. Colo. Sept. 10, 2019) (unpublished); *see also Diamond v. Charles*, 476 U.S. 54, 64 (1986) (finding private individuals cannot compel enforcement of criminal laws).

[20] *See Shaw v. Neece*, 727 F.2d 947, 949 (10th Cir. 1984).

[21] *Kay*, 500 F.3d at 1217 (internal quotation marks omitted).

1. Mr. Swint must file an amended complaint by **June 8, 2023**. The words "Amended Complaint" should appear in the caption of the document.

2. Once Mr. Swint's amended complaint is filed, the court will screen the amended complaint under 28 U.S.C. § 1915(e) and Rule 3-2(b) of the Local Rules of Civil Practice.

3. Mr. Swint is advised that an amended complaint will *completely replace* all prior versions of the complaint. Claims which are not realleged in the amended complaint will be deemed abandoned.[22]

4. Other than an amended complaint, the restriction on filing motions or other documents set forth in the court's May 3, 2023 order[23] remains in place. The only documents Mr. Swint may file at this juncture are an amended complaint and court forms (such as the email filing and electronic notification form and the consent to magistrate judge jurisdiction form).

5. Failure to file an amended complaint may result in a recommendation to dismiss this action.

DATED this 18th day of May, 2023.

BY THE COURT:

Daphne A. Oberg
United States Magistrate Judge

---

[22] *See Pierce v. Williams*, No. CIV 20-284-RAW-SPS, 2020 U.S. Dist. LEXIS 185074, at *6 (E.D. Okla. Oct. 6, 2020) (unpublished) ("An amended complaint completely replaces the original complaint and renders the original complaint of no legal effect." (citing *Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir. 1991))).

[23] (Doc. No. 4.)