UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| ROBERT JAMES SWINT,<br><br>Plaintiff,<br><br>v.<br><br>DISH NETWORK, VERIZON WIRELESS, BANK OF AMERICA, ECHO STAR, and BEAR MAN PIG CLUB,<br><br>Defendants. | **REPORT AND RECOMMENDATION TO DISMISS ACTION PURSUANT TO 28 U.S.C. § 1915**<br><br><br>Case No. 2:23-cv-000282<br><br>District Judge Howard C. Nielson, Jr.<br><br>Magistrate Judge Daphne A. Oberg |

Pro se plaintiff Robert James Swint, proceeding *in forma pauperis*, filed this action against Dish Network, Verizon Wireless, Bank of America, Echo Star, and Bear Man Pig Club.[1] After screening Mr. Swint's complaint under 28 U.S.C. § 1915(e)(2)(B) and identifying deficiencies, the court ordered Mr. Swint to file an amended complaint.[2] Mr. Swint was informed that once filed, his amended complaint would likewise be screened under 28 U.S.C. § 1915(e).[3] Mr. Swint file an amended complaint on June 13, 2023.[4] Where Mr. Swint's amended complaint is indecipherable, he fails to state a cognizable claim—and further

---

[1] (*See* Compl., Doc. No. 5.)

[2] (*See* Mem. Decision and Order to File Am. Compl., Doc. No. 6.)

[3] (*Id.* at 5.)

[4] (Doc. No. 8.)

1

opportunities to amend would be futile. Accordingly, the undersigned[5] recommends the district judge dismiss this action pursuant to 28 U.S.C. § 1915(e)(2)(B).

## LEGAL STANDARDS

Whenever a court authorizes a party to proceed *in forma pauperis*, the court must review the case under 28 U.S.C. § 1915(e)(2). Under this statute, the court must dismiss the case if it determines the complaint "fails to state a claim on which relief may be granted."[6] In making this determination, the court employs the standard for analyzing a motion to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure.[7] To avoid dismissal under Rule 12(b)(6), a complaint must allege "enough facts to state a claim to relief that is plausible on its face."[8] The court accepts well-pleaded factual allegations as true, viewing them in the light most favorable to the plaintiff and drawing all reasonable inferences in the plaintiff's favor.[9] But the court need not accept a plaintiff's conclusory allegations as true.[10] "[A] plaintiff must offer specific factual allegations to support each claim."[11]

---

[5] On May 25, 2023, this case was referred to the undersigned magistrate judge under 28 U.S.C. § 636(b)(1)(B). (*See* Doc. No. 7.)

[6] 28 U.S.C. § 1915(e)(2)(B)(ii).

[7] *Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007).

[8] *Hogan v. Winder*, 762 F.3d 1096, 1104 (10th Cir. 2014) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007)).

[9] *Wilson v. Montano*, 715 F.3d 847, 852 (10th Cir. 2013).

[10] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[11] *Kan. Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011).

Because Mr. Swint proceeds pro se, his filings are liberally construed and held "to a less stringent standard than formal pleadings drafted by lawyers."[12] Still, pro se plaintiffs must "follow the same rules of procedure that govern other litigants."[13] For instance, a pro se plaintiff "still has the burden of alleging sufficient facts on which a recognized legal claim could be based."[14] While the court must make some allowances for a pro se plaintiff's "failure to cite proper legal authority, [her] confusion of various legal theories, [her] poor syntax and sentence construction, or [her] unfamiliarity with pleading requirements,"[15] the court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf."[16]

## ANALYSIS

Mr. Swint's original complaint failed to state a plausible claim because it lacked factual development and he lacked standing to bring certain criminal charges which he alleged.[17] Mr. Swint was informed of these deficiencies and was explicitly advised his amended complaint would "*completely replace* all prior versions of the complaint" and "[c]laims which are not

---

[12] *Hall*, 935 F.2d at 1110.

[13] *Garrett v. Selby, Connor, Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

[14] *Jenkins v. Currier*, 514 F.3d 1030, 1032 (10th Cir. 2008) (internal quotation marks omitted).

[15] *Hall*, 935 F.2d at 1110.

[16] *Smith v. United States*, 561 F.3d 1090, 1096 (10th Cir. 2009) (internal quotation marks omitted).

[17] (*See generally* Mem. Decision and Order to File Am. Compl., Doc. No. 6.)

realleged in the amended complaint will be deemed abandoned."[18]  Mr. Swint's amended complaint is comprised of three hand-written pages, and half of it is dedicated to listing numerous defendants, many of whom are newly named.[19]  The rest of Mr. Swint's amended complaint is either indecipherable or so lacking in context as to be incoherent.  Where the court is unable to determine the nature of claim(s) Mr. Swint attempts to allege, let alone evaluate the sufficiently of those claims, he has failed to state a cognizable claim.

Because Mr. Swint's complaint fails to state a claim for relief, it is subject to dismissal under 28 U.S.C. § 1915(e)(2).  Nevertheless, "[d]ismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend."[20]  The court previously identified deficiencies in Mr. Swint's original complaint and ordered him to amend his complaint to correct them.[21]  He failed to address or correct the identified deficiencies.  Therefore, further opportunities to amend would be futile, and dismissal is appropriate.

## RECOMMENDATION

Where Mr. Swint's amended complaint is indecipherable, fails to state a plausible claim for relief, and further opportunities to amend would be futile, the undersigned RECOMMENDS the district judge dismiss this action pursuant to 28 U.S.C. § 1915(e)(2)(B).  The court will send

---

[18] (*Id.* (emphasis in original).)

[19] (Am. Compl., Doc. No. 8 at 1–2.)

[20] *Kay*, 500 F.3d at 1217 (internal quotation marks omitted).

[21] (*See* Mem. Decision and Order to File Am. Compl., Doc. No. 6.)

this Report and Recommendation to Mr. Swint, who is notified of his right to object to it. Any objection must be filed within fourteen days of service.[22] Failure to object may constitute waiver of objections upon subsequent review.

DATED this 27th day of June, 2023.

BY THE COURT:

_Daphne A. Oberg_
Daphne A. Oberg
United States Magistrate Judge

---

[22] *See* 28 U.S.C. § 636(b)(1); Fed R. Civ. P. 72(b).